Filed 3/27/19; Modified and Certified for publication 4/23/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CAROLINA PONCIO,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>DEPARTMENT OF RESOURCES RECYCLING<br>AND RECOVERY,<br><br>     Defendant and Respondent. | C082614<br><br>(Super. Ct. No. 34-2015-<br>80002198CUWMGDS) |

     The Division of Recycling within the Department of Resources Recycling and Recovery (CalRecycle) granted Carolina Poncio a probationary certificate to run a recycling center. CalRecycle revoked her probationary certificate after Poncio's husband Victor attempted to bribe a CalRecycle employee assigned to audit Poncio's recycling

1

center.  After a CalRecycle hearing officer upheld the revocation, Poncio filed a petition for writ of administrative mandamus under Code of Civil Procedure section 1094.5. Poncio included in her petition an assertion that she is entitled to a traditional writ of mandamus under Code of Civil Procedure section 1085.  However, because she seeks review of a quasi-judicial adjudication, her exclusive remedy is a petition for writ of administrative mandamus under Code of Civil Procedure section 1094.5.  (*California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1482.)  The trial court denied the petition.

Poncio now contends (1) the hearing officer and the trial court misapplied Public Resources Code section 14591.2, the statute providing for disciplinary action against certificate holders, (2) CalRecycle violated Poncio's constitutional and statutory due process rights, and (3) the evidence of the attempted bribe was insufficient to revoke Poncio's probationary certificate for dishonesty.  Concluding that each contention lacks merit, we will affirm the judgment.

BACKGROUND

"[CalRecycle] may take disciplinary action against any party responsible for directing, contributing to, participating in, or otherwise influencing the operations of a certified or registered facility or program.  A responsible party includes, but is not limited to, the certificate holder, registrant, officer, director, or managing employee."  (Pub. Resources Code § 14591.2, subd. (a).)  CalRecycle may take disciplinary action if, among other actions, a "responsible party engaged in dishonesty, incompetence, negligence, or fraud in performing the functions and duties of a certificate holder or registrant."  (Pub. Resources Code, § 14591.2, subd. (b)(2).)  Here, it was alleged that Victor engaged in dishonesty by offering a bribe.

Poncio held a probationary certificate to operate a beverage container recycling center, which she called S.O.S. Planet Recycling.  Victor was a managing employee and responsible party in the operation (Pub. Resources Code, § 14591.2, subd. (a)) under the

2

California Beverage Container Recycling and Litter Reduction Act (Pub. Resources Code, § 14500 et seq.). In April 2015, CalRecycle initiated a probationary audit of Poncio's business. Sotheary Hul, a CalRecycle auditor, contacted Poncio and scheduled a site visit for May 6, 2015. Hul informed Poncio that the audit would include logs and daily summaries from March 1, 2015 to the day of the site visit. When Hul arrived, Victor informed her that they did not have all the records but would find them. Hul said she would return on May 8 and warned Victor not to fabricate the records.

On May 8, Hul returned and Victor gave her all of the logs and daily summaries. After Hul had returned to her car, Victor approached the car. At the administrative hearing, both Hul and Victor testified to what happened at that point. According to Hul, Victor handed her an envelope. She asked what it was, and Victor responded that it was money "for gas or whatever." She told him she could not accept it, but Victor said there were no cameras around. After Hul refused the envelope three to five times, Victor finally took it back. Hul never opened the envelope. According to Victor, he followed Hul to her car and asked a question about recordkeeping. She answered, and Victor tried to hand her an envelope with two tickets for free hamburgers to thank her for her help. Hul said she could not accept the envelope and never even touched it. Victor claimed he did not intend to influence Hul's audit of the records.

After reviewing the logs and daily summaries, Hul believed they appeared fabricated because of the nice alignment of numbers, common authorship, and pristine cleanliness. She recommended that the case be referred to the investigations unit. Instead, the decision was made to revoke Poncio's probationary certificate.

On June 26, 2015, CalRecycle notified Poncio that her probationary certificate would be revoked effective June 30, 2015, under Public Resources Code section 14541, subdivision (b), which gives CalRecycle authority to revoke a probationary certificate after notice to the holder of the probationary certificate. The stated grounds for

3

revocation were (1) dishonesty, (2) failure to provide immediate access to records, and (3) past violations.

Poncio requested a hearing under Public Resources Code section 14541, subdivision (b), which provides: "A probationary certificate issued pursuant to this section shall be issued for a limited period of not more than two years. Before the end of the probationary period, the department shall issue a nonprobationary certificate, extend the probationary period for not more than one year, or, after notice to the probationary certificate holder, revoke the probationary certificate. Subsequent to the revocation, the former probationary certificate holder may request a hearing, which, notwithstanding, [*sic*] Section 11445.20 of the Government Code, shall be conducted in the same form as a hearing for an applicant whose original application for certification is denied."

On August 17, 2015, a hearing was held on the revocation of Poncio's probationary certificate. The hearing officer was a senior attorney for CalRecycle. After the hearing, the hearing officer issued a decision sustaining the revocation of Poncio's probationary certificate but only on the charge of dishonesty, concluding that a bribe is an act of dishonesty. The hearing officer made the following factual findings as to that charge:

"I do not find the exact contents of the envelope to be dispositive in this matter. There was no dispute in the record that a responsible party at a recycling center gave an envelope to a state auditor as she was departing the facility at the close of a probationary review visit. Whether it was money or coupons, the record shows that something of value was within the envelope. The auditor had the authority to recommend whether that site would continue to operate or be shut down. The auditor was still in the process of gathering information and making decisions on that issue.

"Furthermore, it may be inferred from the circumstances that [Poncio's] continued certification as a recycling center was in a tenuous position, thus providing motivation to do something to affect the auditor's actions. The site had a history of various violations

4

of the [California Beverage Container Recycling and Litter Reduction] Act and regulations, however minor those may have been.  Any one of those infractions could have technically been grounds for revocation of [Poncio's] probationary certification . . . .  The . . . auditor made a second trip to the site solely to collect records that were missing at the first visit.  The auditor had warned [the Poncios] not to falsify records.  It is reasonable to assume [the Poncios] had some concern about how their recordkeeping situation and the related production delay might affect their probationary review.

"Although [the Poncios] have characterized the offer of the envelope as a gift, timing is everything.  Had [the Poncios] offered coupons or money or something else of value to the auditor after the review had been completed and [CalRecycle] had made a final decision, it would have been more reasonable to infer that a mere thank you gift had been intended. . . .  Given the timing and circumstances here, a reasonable conclusion is that the envelope was offered with intent to unlawfully influence the decision of the auditor and was thus in the nature of a bribe.  As this is a clear act of dishonesty, [CalRecycle] had proper authority to revoke [Poncio's] probationary certificate."

STANDARD OF REVIEW

"Section 1094.5 of the Code of Civil Procedure provides the basic framework by which an aggrieved party to an administrative proceeding may seek judicial review of any final order or decision rendered by a state or local agency."  (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 137, fn. omitted.)  "In reviewing administrative proceedings under [Code of Civil Procedure] section 1094.5 that do not affect a fundamental right, such as an attempt to obtain a license to engage in a profession or business, the trial court reviews the whole administrative record to determine whether the findings are supported by substantial evidence and whether the agency committed any errors of law.  [Citations.]"  (*Donley v. Davi* (2009) 180 Cal.App.4th 447, 455-456 (*Donley*).)  "Our scope of review on appeal from such a judgment is identical to that of the trial court."  (*Bixby,* at p. 149.)

5

"Under the substantial evidence test, the agency's findings are presumed to be supported by the administrative record and, in both the trial court and here on appeal, it is the petitioner/appellant's burden to show they are not. [Citations.] We ' "do not reweigh the evidence; we indulge all presumptions and resolve all conflicts in favor of the [agency's] decision. Its findings come before us 'with a strong presumption as to their correctness and regularity.' [Citation.]" ' [Citation.] When more than one inference can be reasonably deduced from the facts, we cannot substitute our own deductions for that of the agency. [Citation.] We may reverse an agency's decision only if, based on the evidence before it, a reasonable person could not have reached such decision. [Citations.]" (*Donley, supra*, 180 Cal.App.4th at p. 456.)

DISCUSSION

I

Poncio contends the hearing officer and trial court misapplied Public Resources Code section 14591.2, subdivision (b) because, even if Victor's actions may be characterized as an act of dishonesty, the actions were not, in the words of the statute, "dishonesty . . . in performing the functions and duties of a certificate holder . . . ." (Pub. Resources Code, § 14591.2, subd. (b)(2).) Poncio argues that offering a bribe is not a function or duty of a recycling center. She attempts to limit the "functions and duties" language of the statute, arguing "the act of dishonesty must actually be an actual function and duty of a certificate holder and does not include acts relating to obtaining or holding the certificate." In support of this argument, she notes that a different provision relates to obtaining a certificate. Subdivision (b)(1) of Public Resources Code section 14591.2 provides for discipline if "[t]he responsible party engaged in fraud or deceit to obtain a certificate or registration."

We reject Poncio's attempted distinction. Here, Poncio already held a probationary certificate, and probationary certificate holders must keep the proper records of their operations. There is no dispute about that in this case. Victor's attempt to bribe

6

Hul was intended to influence Hul's decision about whether Poncio was keeping proper records. Victor did not attempt to bribe Hul to obtain a probationary certificate; instead, he was attempting to influence her to overlook any deficiencies in Poncio's compliance with recordkeeping duties, which would come to light in an audit. Because the bribe was attempted in connection with the obligation to keep proper records, it was attempted "in performing the functions and duties of a certificate holder . . . ." (Pub. Resources Code, § 14591.2, subd. (b)(2); see *Pirouzian v. Superior Court* (2016) 1 Cal.App.5th 438, 447-448 [doctor properly disciplined for dishonesty even though not dishonest in treatment of patients but instead in statements about his employment status and disability insurance benefits].)

## II

Poncio next contends the procedure to revoke her probationary certificate violated her constitutional and statutory due process rights in five ways: (A) failure to afford a hearing or an adequate hearing before revocation, (B) improper communication among CalRecycle employees before the hearing, (C) failure to notify Poncio of the governing procedures, (D) failure of the hearing officer to make an independent determination, and (E) absence of standards for revocation.

### A

Poncio argues she was entitled to a hearing before revocation of her probationary certificate. In the alternative, she argues CalRecycle's decision to revoke her probationary certificate constituted a "hearing" without an opportunity for Poncio to respond. The arguments lack merit.

Poncio fails to establish that she was entitled to a hearing before CalRecycle revoked her probationary certificate. But she offers no authority for this proposition other than general due process principles. In fact, the authority is to the contrary. The Public Resources Code provides only for a postrevocation hearing. "*Subsequent to the revocation*, the former probationary certificate holder may request a hearing . . . ." (Pub.

7

Resources Code, § 14541, subd. (b), italics added.)  Cases hold that a postdeprivation hearing may be sufficient to satisfy due process requirements when revoking a license granted to engage in a business.  (See, e.g., *American Liberty Bail Bonds, Inc. v. Garamendi* (2006) 141 Cal.App.4th 1044, 1057.)  The trial court cited this authority in its decision denying relief, but Poncio makes no attempt to distinguish it.  On this record, we conclude the absence of a predeprivation hearing did not deprive Poncio of due process.

In the alternative, Poncio asserts that because CalRecycle employees discussed Victor's attempted bribe before CalRecycle revoked Poncio's probationary certificate, a hearing was held without accusation or response.  We disagree with this novel assertion.  Although the record shows that, before CalRecycle revoked Poncio's probationary certificate, at least four CalRecycle employees discussed Victor's attempted bribe and the appropriate action for CalRecycle to take, and also received attorney input from within the department, such internal review and decision-making did not constitute a hearing.  The Public Resources Code provides for a hearing only after revocation of a probationary certificate, and at least by implication it requires CalRecycle employees to determine, without a hearing, whether the probationary certificate should be revoked.  That prerevocation determination was not a hearing and it did not deny Poncio due process.

B

In addition, Poncio claims that if the prerevocation determination was a hearing, CalRecycle violated Government Code section 11430.10, which prohibits agency employees from having ex parte communication with the "presiding officer" while a proceeding is pending.  Because, as we have already explained, CalRecycle's prerevocation determination was not a hearing, Government Code section 11430.10 does not apply.

Perhaps anticipating our conclusion, Poncio argues the prerevocation determination was an adjudicative proceeding at which a presiding officer made a determination.  Government Code section 11405.80 provides: " 'Presiding officer'

8

means the agency head, member of the agency head, administrative law judge, hearing officer, or other person who presides in an adjudicative proceeding." However, this reference to an "adjudicative proceeding" applies only to "an evidentiary hearing for determination of facts pursuant to which an agency formulates and issues a decision." (Gov. Code, § 11405.20.) The only "evidentiary hearing" held by CalRecycle in this case was the postrevocation hearing at which the hearing officer presided. The prerevocation determination was not made pursuant to an evidentiary hearing. In this case, the only presiding officer for the purpose of these Government Code provisions was the hearing officer, and there is no allegation he had any improper ex parte communications. Poncio's argument that prerevocation conversations among CalRecycle employees were improper is without merit.

C

Government Code section 11425.10, subdivision (a)(2) requires an agency that conducts an adjudicative proceeding to "make available to the person to which the agency action is directed a copy of the governing procedure . . . ." When CalRecycle revoked Poncio's probationary certificate, it informed her she could request a hearing and that the procedures governing the hearing were in title 14, section 2130 of the California Code of Regulations. After Poncio requested a hearing, CalRecycle notified Poncio that the hearing would be an informal hearing.

Poncio contends CalRecycle violated Government Code section 11425.10, subdivision (a)(2) because CalRecycle failed to provide any disciplinary guidelines or documents. But as the trial court held, the contention is without merit because the statute required CalRecycle to make the governing procedure available to Poncio, it did not require the agency to send her a copy of the procedure. Government Code section 11425.10 relates to the conduct of adjudicatory proceedings, not to the basis for discipline. The relevant Law Revision Commission comment notes: "Subdivision (a)(2)

9

requires only that the agency 'make available' a copy of the applicable hearing procedure." Nothing more is required.

D

Without citation to authority, Poncio argues CalRecycle's practices do not allow for a fair review of the penalty because the hearing officer only had authority to determine whether the violations occurred, and had no discretion to change the penalty. Because Poncio does not support her argument with authority, she has failed to carry her burden of showing error and has forfeited consideration of the contention. (See *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1 [plaintiffs' contention in opening brief forfeited for failure to provide authority]; see also *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1323 [appellant bears burden of establishing due process right with authority].) The trial court also noted Poncio's failure to provide authority and the consequent forfeiture on this issue.

E

Poncio asserts she was denied a fair hearing because there were no standards for determining whether a probationary certificate should be revoked. She cites the testimony of Hul, the auditor, at the hearing to the effect that there are no written standards and procedures for determining whether and how to discipline a certificate holder.

Contrary to Poncio's contention, the Public Resources Code and the California Code of Regulations provide for standards and procedures with respect to disciplining a certificate holder. Public Resources Code section 14591.2 provides the grounds on which a probationary certificate holder may be disciplined (including dishonesty) and the available discipline (including revocation of the probationary certificate). CalRecycle has discretion under this statute to determine the level of discipline. Section 2130 of title

10

14 of the California Code of Regulations provides the procedure for holding a hearing on any discipline imposed.

While it is true that the statutes and regulations do not provide for the specific discipline to be imposed for each type of violation, such agency discretion does not violate due process rights unless the exercise of discretion is arbitrary or capricious. "It is only when an exercise of a discretionary power becomes so abusive that it is the equivalent of arbitrary or capricious action that it may be subjected to judicial review." (*Walsh v. Kirby* (1974) 13 Cal.3d 95, 106.) Here, revocation of a probationary certificate because a managing employee attempted to bribe a CalRecycle auditor is not abusive and does not require us to step into the shoes of the administrative agency and reverse an injustice.

III

Construing evidence and drawing inferences in her own favor, Poncio contends there was insufficient evidence of dishonesty to revoke her probationary certificate. Construing the evidence and drawing inferences in the light most favorable to the administrative decision, as we must, we conclude the evidence was sufficient.

"Abuse of discretion is established if . . . the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).) We uphold a factual determination of an agency if the determination is supported by substantial evidence even if there is contradictory evidence or a possible contradictory inference. (*California Native Plant Society v. City of Santa Cruz* (2009) 177 Cal.App.4th 957, 984.) "Inferences may constitute substantial evidence as long as they are the product of logic and reason rather than speculation or conjecture. [Citation.]" (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1101.)

Here, the hearing officer considered not only that Victor offered something to Hul but also the context of that offering. Hul was auditing the recycling center, had been to the center before when Poncio did not have all records at hand, warned Victor not to

11

falsify records, and returned later to retrieve the records and perform the audit. Even though the hearing officer did not make a determination about what was in the envelope, the hearing officer reasonably inferred it was something of value. In fact, Victor admitted offering tickets to Hul. The hearing officer also determined that the circumstances and timing of the offer led to a reasonable inference that the offer was meant to influence Hul in her audit of the recycling center. Because these inferences were reasonable, the evidence was sufficient to sustain the finding that Victor attempted to bribe Hul, which as an act of dishonesty.

Poncio's argument on appeal is based on alternative inferences. She argues Victor's offer was only meant as a gift of gratitude for Hul returning to retrieve the records and was not meant to influence Hul in her audit. But Poncio is not entitled to draw that inference in this proceeding because the hearing officer reasonably drew the contrary inference.

Borrowing from an instruction in criminal proceedings that the jury must draw an inference of innocence if the evidence is susceptible to two reasonable interpretations (see *People v. Merkouris* (1956) 46 Cal.2d 540, 561-562), Poncio claims we must adopt inferences in favor of finding Victor did not offer a bribe. But that instruction is for a jury in a criminal case, not the reviewer of its decision. On review of a factual determination by a finder of fact, even in a criminal case, we sustain that factual determination if it is supported by substantial evidence, including inferences that may have a more innocent alternative. (See *People v. Rehmeyer* (1993) 19 Cal.App.4th 1758, 1766; see also *Donley, supra,* 180 Cal.App.4th at p. 456.)

Poncio claims there was no evidence Victor had actual knowledge Poncio could lose her probationary certificate if the audit went poorly. But Victor's position as a managing employee and responsible party, along with his participation in providing records to Hul, supports an inference he knew that the audit could have an effect on Poncio's probationary certificate.

Poncio's remaining substantial evidence arguments continue to construe the evidence and draw inferences in her own favor rather than in the light most favorable to the hearing officer's findings.  Therefore, these arguments are unpersuasive on the question of substantial evidence.  (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [recitation of evidence in light favorable to appellant forfeits substantial evidence contention].)

### DISPOSITION

The judgment is affirmed.  CalRecycle is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

/S/

MAURO, J.

We concur:

/S/

RAYE, P. J.

/S/

DUARTE, J.

CERTIFIED FOR PUBLICATION

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| CAROLINA PONCIO,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>DEPARTMENT OF RESOURCES RECYCLING AND RECOVERY,<br><br>　　　　Defendant and Respondent. | C082614<br><br>(Super. Ct. No. 34-2015-80002198CUWMGDS)<br><br><br>ORDER MODIFYING OPINION AND GRANTING REQUEST TO PUBLISH<br><br>[NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Sacramento County, Christopher E. Krueger, Judge. Affirmed.

Gugliotta & Ponzini and John C. Gugliotta for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Robert W. Byrne, Senior Assistant Attorney General, Randy L. Barrow, Supervising Deputy Attorney General, and Gwynne B. Hunter, Deputy Attorney General for Defendant and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on March 27, 2019, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

1

It is also ordered that the opinion filed in this case on March 27, 2019, be modified as follows:

On page 2, second full sentence, remove from the body of the opinion the following: "Poncio included in her petition an assertion that she is entitled to a traditional writ of mandamus under Code of Civil Procedure section 1085. However, because she seeks review of a quasi-judicial adjudication, her exclusive remedy is a petition for writ of administrative mandamus under Code of Civil Procedure section 1094.5. (*California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1482.)" and insert as a footnote.

On page 7, last paragraph, second sentence, remove "But she" and replace with "She" so that the sentence now reads as follows:
"She offers no authority for this proposition other than general due process principles."

On page 12, fourth full sentence, remove "as" and replace with "was" so that the sentence now reads as follows:
"Because these inferences were reasonable, the evidence was sufficient to sustain the finding that Victor attempted to bribe Hul, which was an act of dishonesty."

This modification does not change the judgment.

FOR THE COURT:


    /S/
RAYE, P. J.


    /S/
MAURO, J.


    /S/
DUARTE, J.

2